## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF JOSEPH V. ROCK, DOMINIC IERACE and EUGENE B. FAIELLA, | ) ) ) | CASE NO.: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| SONY/ATV MUSIC PUBLISHING, successor-in-interest to EMI MUSIC PUBLISHING COMPANY, | ) ) ) | Jury Trial Demanded |
| | ) | ***Electronically filed*** |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME Plaintiffs Estate of Joseph V. Rock, Dominic Ierace and Eugene B. Faiella, by and through their undersigned attorneys, and bring this action against Defendant, alleging as follows:

1.      This is an action for copyright infringement, unfair competition and breach of contract/unjust enrichment based on Defendant's failure to pay writer royalties due and owing to the writers of a musical composition known as *Memoirs of the Traveler* as a result of that musical composition being used in a later musical composition that has sold at least one million copies.

## PARTIES

2.      Plaintiffs are Estate of Joseph V. Rock, Dominic Ierace and Eugene B. Faiella. Plaintiffs are co-writers of a musical composition in which they share equally all right, title, and interest.  The musical composition is entitled *Memoirs of the Traveler,* and is registered in the U.S. Copyright Office, Registration Number RE 931-506.

1

3.      Estate of Joseph V. Rock is the testamentary estate of Joseph V. Rock filed in the Seventh Circuit Court of Davidson County, Tennessee, Probate Division at Docket No. 00P937, for which letters of Authority were issued on June 16, 2000 to Ronald J. Herisko, whose address is P.O. Box 2830 Palm Springs, California 92263.

4.      Dominic Ierace, also known by the stage name "Donnie Iris", is an individual having an address at 301 Sixth Street, Beaver Falls, Pennsylvania 15010.

5.      Eugene Benny Faiella, is an individual having an address at 960 Third Street, Baden, Pennsylvania 15005.

6.      Defendant Sony/ATV Music Publishing ("Sony") is a corporation having an address at 550 Madison Avenue, Fifth Floor, New York, NY 10022.  Sony is the successor-in-interest to EMI Music Publishing ("EMI"), having acquired EMI in June 2012.  EMI was at all times pertinent herein engaged in the business of owning, acquiring, copyrighting, publishing, and administering musical works throughout the United States and the world, and specifically administered *Memoirs of the Traveler*.

7.      Sony, in purchasing EMI's music catalog, assumed all obligations that EMI formerly owed to Plaintiffs with respect to administering Plaintiffs' work, *Memoirs of the Traveler*, and paying over to Plaintiffs the royalties collected from the sale and commercialization of the musical composition they had written.

8.      On information and belief, Sony operates a website accessible in this jurisdiction at http://www.sonyatv.com, by which Sony administers its music catalog and provides a clearinghouse to field inquiries regarding licensing.

9.      On information and belief, Sony conducts business in this District.  Plaintiffs have

been harmed in this District.

## JURISDICTION AND VENUE

10.     Federal jurisdiction is predicated on original jurisdiction over federal copyright infringement actions filed pursuant to 17 U.S.C. §101, *et seq*. under 28 U.S.C. §1338(a), and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

11.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

12.     Plaintiffs first had notice that EMI, the predecessor to Sony, was infringing Plaintiffs' copyright on or about December 1, 2010.

## SUMMARY OF THE FACTS

13.     Plaintiffs are life-long songwriters, music publishers and performing artists. Collectively, Plaintiffs were professionally known and performed as the group, "The Jaggerz."

14.     In 1969, Plaintiffs collectively wrote the music and lyrics to a musical composition entitled *Memoirs of the Traveler*.

15.     *Memoirs of the Traveler* was released in 1970 on a phonograph album recording entitled, *We Went to Different Schools Together*.  A copy of the album and album sleeve is attached hereto as Exhibit 1, and both the album and the sleeve identify Plaintiffs.

16.     *Memoirs of the Traveler* was co-published by Sixuvus Revival Music, Fluffy Dog Music and Kama Sutra Music (collectively, "Original Three Publishers").

17.     EMI was the successor in interest to Kama Sutra Records, who distributed the *We Went to Different Schools Together* album.

18.     The copyright and all right, title and interest in and to the musical composition *Memoirs of the Traveler,* as the writers thereof, were and are owned by Plaintiffs.

3

19.     In August 2008, Geffen/Interscope Records, a unit of Universal Music Group ("Geffen/Universal") released a musical album entitled *LAX*, by the musical artist "The Game". *LAX* includes a musical composition entitled *Letter to the King*, which samples the music sound track from Plaintiffs' musical composition, *Memoirs of the Traveler*.

20.     On information and belief, EMI licensed *Memoirs of the Traveler* music sound track to Geffen/Universal for use on the album *LAX*.

21.     Credit in the liner notes on the album jacket for *LAX* correctly identified by name the six Publishers of the new song, *Letter to the King*, namely, the Original Three Publishers, and three new publishers of the lyrics to the song, as well as, naming the six writers of the song, namely, the three Plaintiffs in this suit and the three writers of new lyrics for *Letter to the King*. *See* Exhibit 2.

22.     On information and belief, Geffen/Universal has sold in excess of one million units of the song *Letter to the King* in the form of digital downloads, and CD albums, including the *LAX* album.

23.     On information and belief, Geffen/Universal paid to EMI statutory sales royalties for publishers and writers due on sales of phonograph records encompassing the sampling of the sound track of *Memoirs of the Traveler*.

24.     Plaintiffs initially sought to obtain a statement of royalties due Plaintiffs for sales royalties from Geffen/Universal.  In August 2009, Plaintiffs were advised by Geffen/Universal that it had paid publishing royalties due to the Original Three Publishers to EMI.

25.     EMI paid over to the Original Three Publishers said royalties in August 2009, August 2010, February 2013 and August 2013.

26.     However, neither Universal/Geffen nor EMI made any payment to the three writer Plaintiffs.

27.     In September 2010, Universal/Geffen advised Plaintiffs that Universal/Geffen had paid writers' royalties to EMI.

28.     On October 19, 2010 EMI advised Plaintiffs that EMI had not, in fact, received any writers royalties from Universal/Geffen.

29.     On November 22, 2010, Plaintiffs demanded in writing payment of writers royalties from Universal/Geffen, based on EMI's statement that it had not received any royalty payments.

30.     On or about December 1, 2010, Universal/Geffen responded and confirmed payment of royalties to EMI.  It was on December 1, 2010 that Plaintiffs became aware that EMI was withholding royalty payments due to the writer Plaintiffs.

31.     On December 22, 2010, Plaintiffs sent a letter to EMI and requested payment of royalties due to Plaintiffs.  Communications continued thereafter with promises made by EMI personnel to look into the matter.

32.     No payment was ever received by Plaintiffs from EMI.  Plaintiffs indicated they would resort to legal action if need be to collect the royalties due and owing.

33.     In June 2012, Sony acquired EMI.

34.     In January 2013, Sony requested additional time to research the writer royalty issue.

35.     Several more communications were exchanged with Sony throughout 2013 without resulting in payment or acknowledgement that payment would be made to the writer

Plaintiffs.  Having received no substantive response, Plaintiffs now file this action.

## (COUNT I):  COPYRIGHT INFRINGEMENT

36.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     On or about August 2008, Geffen/Universal released a phonograph record album into domestic and foreign commerce entitled *LAX*.  This album encompassed the sampled master music track of Plaintiffs' song, *Memoirs of the Traveler,* on the *LAX* track, *Letter to the King.* *Letter to the King* has also been sold as a single and has appeared on other albums featuring the artist, *The Game.*

38.     Plaintiffs own all right, title and interest in and to the copyright for the song *Memoirs of the Traveler.*

39.     Plaintiffs aver that from approximately August 2008 to the present, Sony, as successor to EMI, knowingly, willfully, and intentionally infringed upon the copyright of Plaintiffs' music composition entitled *Memoirs of the Traveler* within this Judicial District and in interstate commerce, all without paying the required statutory writers' royalties pursuant to 17 USC §§101, *et seq*., for each song manufactured and distributed by Geffen/Universal.

40.      Sony knowingly, willfully, and intentionally for commercial advantage and gain has commandeered the copyright of *Memoirs of the Traveler* and has unlawfully infringed and continues to infringe the copyright of Plaintiffs by failing to account for and pay to the rightful copyright owners amounts due to writers on sales of units of the song *Letter to the King* and otherwise violating the copyright laws of the United States contrary to Plaintiffs' copyright interests in the said composition *Memoirs of the Traveler.*

41.     As the direct and proximate result of Sony's infringing actions as herein alleged, Plaintiffs have been and continue to be irreparably, materially and substantially harmed and damaged for which monetary damages alone are an inadequate remedy.

42.     As the direct result of Sony's actions as herein alleged, Plaintiffs have lost income and profits and will continue to lose income and profits.  However, such monetary damages are difficult to fully quantify and Plaintiffs lack an adequate remedy at law alone, and will continue to be materially and substantially irreparably damaged unless and until Sony is enjoined from infringing Plaintiffs' copyrights.

## (COUNT II):  UNFAIR COMPETITION

43.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

44.     Sony's copyright infringement as herein alleged constitutes unfair competition by Sony, who is interfering with and depriving Plaintiffs of their rights in and to the said copyrighted musical work, resulting in immediate and irreparable damage to Plaintiffs and their ability to commercially profit from their copyrights.

45.     As the direct and proximate result of Sony's infringement and unfair competition as herein alleged, Plaintiffs have been and will continue to be irreparably, materially, and substantially harmed and damaged.

## (COUNT III):  BREACH OF CONTRACT

46.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

47.     On information and belief, Sony, through its predecessor EMI, licensed Plaintiffs'

music to Geffen /Universal on or about August 2008 under which licensing contract EMI would collect and administer royalties earned under the said licensing agreement on behalf of the Plaintiffs and pay over to Plaintiffs statutory royalties due on sales of units of the copyrighted music.

48.     On information and belief, Sony collected royalties on behalf of Plaintiffs from Geffen/Universal for sales in excess of one million units of Plaintiffs' copyrighted music, but has failed and refused to pay over to Plaintiffs their rightful portion of the royalties collected.

49.     On information and belief, Sony has breached its express and/or implied contract with Geffen/Universal.

50.     On information and belief, Sony has breached its express and/or implied contract with Plaintiffs to properly administer and account for royalties on behalf of Plaintiffs.

51.     As the direct and proximate result of Sony's breach as herein alleged, Plaintiffs have sustained monetary loss and damages in amounts unknown at this time but to be determined through competent evidence elicited at the time of trial.

## (COUNT IV):  UNJUST ENRICHMENT

52.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

53.     On information and belief, Sony, through its predecessor EMI, licensed Plaintiffs' music to Geffen /Universal on or about August 2008 under which licensing contract EMI would collect and administer royalties earned under the said licensing agreement on behalf of the Plaintiffs and pay over to Plaintiffs statutory royalties due on sales of units of the copyrighted music.

54.     On information and belief, Sony collected royalties on behalf of Plaintiffs from Geffen/Universal for sales in excess of one million units of Plaintiffs' copyrighted music, but has failed and refused to pay over to Plaintiffs their rightful portion of the royalties collected.

55.     On information and belief, Sony has been unjustly enriched by the unlawful retention of royalties that rightfully belong to Plaintiffs as the writers of *Memoirs of the Traveler*.

56.     As the direct and proximate result of Sony's actions, Plaintiffs have sustained monetary loss and damages in amounts unknown at this time, but to be determined through competent evidence elicited at the time of trial.

WHEREFORE, Plaintiffs demand judgment be entered against Sony and in favor of Plaintiffs, and for damages as follows:

(a)     an accounting for all units of *Letter to the King* sold, manufactured and distributed;

(b)     actual damages and profits and/or statutory damages as provided by 17 U.S.C. §504, as applicable;

(c)      monetary damages incurred by Plaintiffs in an amount to be determined at trial;

(d)     costs and reasonable attorneys' fees as provided by 17 U.S.C. §505;

(e)     an order directing that Sony assign to Plaintiffs all contracts or licensing agreements entered into with third parties in regard to *Memoirs of the Traveler* for the period that Sony engaged in infringing activities;

(f)     a temporary restraining order, preliminary injunction and permanent injunction against Sony enjoining Sony from infringing, aiding others

from infringing, or otherwise using, licensing or profiting from *Memoirs of the Traveler*;

(g)     termination and revocation of any existing contracts authorizing Sony to administer any musical works written by Plaintiffs, individually or collectively, at any time in the future; and

(h)     any other and further relief as the court deems just and proper.

Plaintiffs hereby demand a jury trial.


Dated:  November 27, 2013                    Respectfully submitted,


                                             /s/ Kent E. Baldauf, Sr.
                                             Kent E. Baldauf, Sr. (PA I.D. No. 01142)
                                             kbaldauf@webblaw.com
                                             Cecilia R. Dickson (PA I.D. No. 89348)
                                             cdickson@webblaw.com
                                             THE WEBB LAW FIRM
                                             One Gateway Center
                                             420 Ft. Duquesne Boulevard, Suite 1200
                                             Pittsburgh, PA 15222
                                             Telephone:     (412) 471-8815
                                             Facsimile:     (412) 471-4094

Of Counsel:
Ronald J. Herisko, Esq.
CO Atty. Reg. No. 26467
rjherisko@earthlink.net
P.O. Box 2830
Palm Springs, CA 92263

                                             ATTORNEYS FOR PLAINTIFFS

                                             ESTATE OF JOSEPH V. ROCK, DOMINIC
                                             IERACE, AND EUGENE B. FAIELLA